IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30624
Summary Calendar
_____


In Re:     BSI Drilling & Workover, Inc., As owner of the Barge
           BWS No. 1 and Rig No. 4 for exoneration from or
           limitation of liability

BSI DRILLING & WORKOVER, INC.,

                              Third-Party Plaintiff-Appellant,

versus

LEXINGTON INSURANCE CO. ET AL.,

                              Third-Party Defendants,

LEXINGTON INSURANCE CO.,

                              Third-Party Defendant-Appellee.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3124-A)
_____
February 11, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     BSI Drilling & Workover, Inc. ("BSI"), appeals the district

court's summary judgment in favor of Lexington Insurance Company

("Lexington").  Finding no error, we affirm.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lexington is the insurer of WRT Energy Corporation ("WRT")[1]. In 1995, BSI and WRT entered into a service contract which contained a standard indemnity provision whereby WRT agreed to indemnify BSI from any personal injury claims filed by WRT employees or WRT subcontractors' employees. The contract also contained a choice-of-law provision which designated Louisiana law as controlling the contract's terms and interpretation.

BSI argues on appeal that pursuant to the indemnification provisions of the contract, Lexington, as the insurer of WRT, has a duty to defend and indemnify against personal injury claims. Lexington maintains, and the district court found, that the indemnification provisions in the contract are invalid under the Louisiana Oilfield Indemnity Act ("LOIA").

Although a contract for oil and gas services aboard a vessel on navigable waterways is a maritime contract, Theriot v. Bay Drilling Corp., 783 F.2d 527 (5th Cir. 1986), if the parties to a contract have included a choice-of-law clause, and the state has a strong public policy favoring the application of its law, the state's law will govern unless the state has no substantial relationship to the parties or the transaction, or the state's law conflicts with the fundamental purposes of maritime law. Stoot v. Fluor Drilling Serv., Inc., 851 F.2d 1514, 1517-18 (5th Cir. 1988).

---

[1]WRT is in Chapter 11 bankruptcy proceedings.

Louisiana has a strong interest in regulating the use of indemnity provisions in oil and gas contracts. Louisiana also has a substantial relationship with the parties and the transaction because WRT is a Texas corporation qualified to do business in Louisiana, BSI is a Louisiana corporation, and the work contracted for was conducted in Louisiana. The LOIA is not preempted by maritime law and does not conflict with a fundamental purpose of maritime law. Thus, the parties' choice of law provision applies and Louisiana law, including the LOIA, governs the contract between WRT and BSI. Stoot v. Fluor Drilling Serv., Inc., 851 F.2d at 1517-19. Because the contractual indemnity provision requires WRT to defend and indemnify BSI against BSI's own negligence, the provision is void under the LOIA. See La. Rev. Stat. Ann. 9:2780(B).

The court further finds that the district court did not err in determining that the choice-of-law provision and mutual indemnity provisions were not ambiguous. The contract clearly states the parties' intent and has only one reasonable meaning. The court may not look beyond the four corners of the contract. See Lloyds of London v. Transcontinental Gas Pipe Line Corp., 101 F.3d 425, 429 (5th Cir. 1996).

BSI argues that the district court erred by failing to reform the contract due to the parties' mutual mistake of incorporating the choice-of-law provision. Because BSI failed to raise this fact-based argument in district court, the district

court had no opportunity to resolve it, and this court has no basis from which to conclude that there was plain error. See Highlands Ins. Co. v. Nat'l Union Fire Ins. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994), *cert. denied,* 513 U.S. 1112 (1995)(applying plain-error analysis of United States v. Olano, 507 U.S. 725, 730-37 (1993) in civil cases); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). BSI had ample opportunity to present its argument to the district court. Further, BSI has failed to show that failure to consider the argument will "seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994)(en banc) (citations omitted). This court declines to consider BSI's argument.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

4